UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13**  **3065**

-------------------------------------------------

YAAKOV KATZ,
 on behalf of himself and the class,

 Plaintiff,

 v.

ACTORS FEDERAL CREDIT UNION;
SELECT-A-BRANCH ATM NETWORK, LLC

 Defendants.

-------------------------------------------------

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

VITALIANO, J.

LEVY, M.J.

 Now comes Yaakov Katz ("Plaintiff"), on behalf of himself and all others similarly

situated and alleges as follows:

## INTRODUCTION

1.   Plaintiff brings this action individually and on behalf of all others similarly situated

against Defendants, Actors Federal Credit Union ("Actors") and Select-A-Branch ATM

Network, LLC ("Select-A-Branch") (cumulatively the "Defendants"), alleging violations of the

Electronic Fund Transfer Act, 15 U.S.C.§ 1693 *et seq.*

2.   The Congressional findings and declaration of purpose regarding the EFTA are as

follows:

 (a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for
substantial benefits to consumers. However, due to the unique characteristics of such systems,
the application of existing consumer protection legislation is unclear, leaving the rights and
liabilities of consumers, financial institutions and intermediaries in electronic fund transfers
undefined.

 (b)   Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights,
liabilities, and responsibilities of participants in electronic fund transfer systems. The

primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.      Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

4.      15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.

5.      "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone ...." 15 U.S.C. § 1693a(6).

6.      15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

> (B) Notice requirement. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

7.      15 U .S.C. § 1693b(d)(3)(C), prohibits ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless----

(i) The consumer receives such notice in accordance with subparagraph (B) and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq.*

10.    Plaintiff's claims asserted herein arose in this judicial district and Defendants are the operator of the ATM located in this judicial district.

11.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12.    Plaintiff, Yaakov Katz, is and at all times relevant hereto was a resident of Brooklyn, New York.

13.    Defendant Actors is a Federal Credit Union with an address of 165 West 46th St., 14th Floor, New York, NY 10036.

14.    According to its website there are "nearly 300 ActorsFCU-owned ATMs in McDonald's throughout the five boroughs."

15.    Defendant, Select-A-Branch, is a limited liability corporation with offices at 1150 First Avenue in King of Prussia, PA 19406.

16.    The ATM receipt issued to plaintiff had the name and logo of Select-a-Branch.

17.    Defendants are each automated teller machine operators, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

### FACTS RELATED TO PLAINTIFF'S TRANSACTION

18.    Plaintiff made cash withdrawals from various ATMs in New York County and Kings County from machines that were operated by the Defendants.

19.    Plaintiff made a cash withdrawal from an ATM located at 79 W. 125th St at a McDonalds location in New York, New York and was charged a usage fee of $.99 on 4/18/13.

20.    Plaintiff made a cash withdrawal from an ATM located at 2726 Broadway at a McDonalds location in New York, New York and was charged a usage fee of $.99 on 4/20/13.

21.    Plaintiff made a cash withdrawal from an ATM located at 145 E. 125th St at a McDonalds location in New York, New York and was charged a usage fee of $.99 on 4/20/13.

22.    Plaintiff made a cash withdrawal from an ATM located at 880 Coney Island Ave at a McDonalds location in Brooklyn, New York and was charged a usage fee of $.99 on 4/21/13.

23.    Plaintiff made a cash withdrawal from an ATM located at 57 Empire Blvd. at a McDonalds location in Brooklyn, New York and was charged a usage fee of $.99 on 4/25/13.

24.    Plaintiff made a cash withdrawal from an ATM located at 3525 Fort Hamilton Pkwy. at a McDonalds location in Brooklyn, New York and was charged a usage fee of $.99 on 4/25/13.

25.   Plaintiff made a cash withdrawal from an ATM located at 57 Empire Blvd. at a

McDonalds location in Brooklyn, New York and was charged a usage fee of $.99 on 5/6/13.

26.   Plaintiff made a cash withdrawal from an ATM located at 3525 Fort Hamilton Pkwy at a

McDonalds location in Brooklyn, New York and was charged a usage fee of $.99 on 5/6/13.

27.   At the time of the above-described electronic transactions, Plaintiff did not maintain any

accounts with any of the Defendants.

28.   However, at the time that the above-described transaction occurred, there was no notice

given on the screen of the ATM or on a paper notice issued from the ATM after plaintiff initiated

his transaction but before the consumer is irrevocably committed to completing the transaction.

29.   Because Defendants did not give plaintiff the required notice of the fee, they were not

permitted to charge a usage fee to Plaintiff and other class members.

## **CLASS ACTION ALLEGATIONS**

30.   Plaintiff brings this class action on behalf of himself and all other similarly situated

pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

31.    Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who: 1) where charged a "terminal owner fee" at any of the ATMs operated

by the Defendants when such persons made an electronic fund transfer and/or balance

inquiry where, 2) there was no on the screen notice nor a paper notice issued from the

ATM after the transaction was initiated but before the consumer was irrevocably

committed to completing the transaction indicating that such fee was to be charged, 3) on

or after a date one year prior to the date of the filing of this action and on or before a date

20 days after the filing of this action.

32.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, fifty members of the class described above.

34.     The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records.

35.     Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, a notice on the ATM or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

32.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

33.     Plaintiff and members of the class were each consumers who used an ATM machine operated by the Defendants to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the notice of the fee required by EFTA on the screen or by paper notice was not given.

34. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

35. The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a. Whether, under 15 U.S.C. § 1693b(d)(3)(D), Defendants were, at all relevant times, automated teller machine operators that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

b. Whether Defendants complied with the notice requirement of 15 U.S.C. § 1693b(d)(3)(B); and,

c. Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

36.    Adequacy of Representations: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in the prosecution of consumer class action litigation.

37.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the class. While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class. Plaintiff knows of no difficulty to be

encountered in the management of this action that would preclude its maintenance as a class action.

## SUBSTANTIVE VIOLATION

38.     15 U.S.C. § 1693b(d)(3) entitled "Fee disclosures at automated teller machines." provides:

 (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of--

    (i) the fact that a fee is imposed by such operator for providing the service; and

    (ii) the amount of any such fee.

 (B) Notice requirement. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

    (i) the consumer receives such notice in accordance with subparagraph (B); and

    (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

42.     Defendants violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

43.    Defendants were prohibited from imposing any usage fee or similar fee for providing host transfer services because they failed to comply with EFTA's notice requirements.

44.    15 *U.S.C.* § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 *U.S.C.* § 1693 *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the Court, actual damages, the costs of this action and reasonable attorneys' fees.

45.    Plaintiff seeks the imposition of statutory damages, actual damages, costs of suit and attorneys' fees.

46.    Because, on information and belief, all Defendants acted jointly to effectuate operation of the ATM at Issue, they are jointly and severally liable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An award to Plaintiff and the members of the class of statutory damages and actual damages;

c. Payment of costs of suit; and,

d. Payment of reasonably attorneys' fees.

**THE PLAINTIFF**

Dated: New York, NY
5-21-13

By: _____

The Law Offices of Shimshon Wexler, PC
Shimshon Wexler
PO Box 250870
New York, NY 10025
(212)760-2400
swexleresq@gmail.com
*Attorney for Plaintiff*

## Trial By Jury

Plaintiff requests a trial by jury.

## Notice of Assignment

All rights relating to attorneys' fees have been assigned to counsel.